IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>      Plaintiff,<br><br>vs.<br><br>STEVEN C. ROBERTS, individually and as Trustee of the STEVEN C. ROBERTS REVOCABLE TRUST, and MICHAEL V. ROBERTS, individually and as Trustee of the MICHAEL V. ROBERTS REVOCABLE TRUST,<br><br>      Defendants. | CIVIL ACTION<br><br>NO.: 4:12-cv-609 |

## COMPLAINT

Plaintiff Bank of America, N.A. hereby files its Complaint for damages against Defendants Steven C. Roberts, individually and as Trustee of the Steven C. Roberts Revocable Trust, and Michael V. Roberts, individually and as Trustee of the Michael V. Roberts Revocable Trust (collectively "Defendants"), and, in support, shows the Court as follows:

### I.  PARTIES

1. Plaintiff Bank of America, N.A. ("Bank of America") is a national banking association having its principal place of business in the State of North Carolina.

LEGAL02/33218285v2

2. Upon information and belief, Defendant Steven C. Roberts ("Steven Roberts") is a citizen of the State of Missouri who resides in St. Louis, Missouri.

3. Steven Roberts is the Trustee of the Steven C. Roberts Revocable Trust (the "Steven Roberts Trust").

4. Upon information and belief, the Steven Roberts Trust was established under the laws of the State of Missouri.

5. Upon information and belief, Defendant Michael V. Roberts ("Michael Roberts") is a citizen of the State of Missouri who resides in St. Louis, Missouri.

6. Michael Roberts is the Trustee of the Michael V. Roberts Revocable Trust (the "Michael Roberts Trust").

7. Upon information and belief, the Michael Roberts Trust was established under the laws of the State of Missouri.

## II.  JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction based on 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between the parties.

9. Defendants are subject to the personal jurisdiction of this Court because Defendants are citizens of the State of Missouri.

10. Venue is proper pursuant to 28 U.S.C. § 1391(a) because at least one Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III.   FACTUAL BACKGROUND

11. On or around June 7, 2007, Bank of America made a loan (the "Loan") to Roberts Hotels Atlanta, LLC, Roberts Hotels Dallas, LLC, Roberts Hotels Houston, LLC, Roberts Hotels Shreveport, LLC, Roberts Hotels Spartanburg, LLC, and Roberts Hotels Tampa, LLC (collectively "Borrowers").

12. The Loan was evidenced by, among other things, a promissory note dated as of June 6, 2007 (the "Note").

13. Bank of America has been and remains the owner and holder of the Note.

14. A true and correct copy of the Note is attached hereto as Exhibit A.

15. In addition, Borrowers executed in Bank of America's favor a Term Loan Agreement dated as of June 6, 2007 (the "Term Loan Agreement").

16. A true and correct copy of the Term Loan Agreement is attached hereto as Exhibit B.

17. In connection with the Loan, Steven Roberts, individually and as Trustee of the Steven Roberts Trust (collectively, the "Steven Roberts

3

Guarantors"), executed in Bank of America's favor a Continuing and Unconditional Guaranty dated as of June 6, 2007 (the "<u>Steven Roberts Guaranty</u>").

18. A true and correct copy of the Steven Roberts Guaranty is attached hereto as <u>Exhibit C</u>.

19. At or around the same time, Michael Roberts, individually and as Trustee of the Michael Roberts Trust (collectively the "Michael Roberts Guarantors"), executed in Bank of America's favor a Continuing and Unconditional Guaranty dated as of June 6, 2007 (the "<u>Michael Roberts Guaranty</u>") (collectively with the Steven Roberts Guaranty, the "<u>Guaranties</u>").

20. A true and correct copy of the Michael Roberts Guaranty is attached hereto as <u>Exhibit D</u>.

21. Through the Steven Roberts Guaranty, the Steven Roberts Guarantors agreed to unconditionally guarantee and promised to pay promptly to Bank of America "any and all Indebtedness of [Borrowers] to Bank when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."  The Steven Roberts Guaranty further provides:

> The combined liability of each [Steven Roberts Guarantor] party hereto for the principal amount of the indebtedness shall not exceed at any one time fifty percent (50%) of the principal amount of the Indebtedness.  [Steven Roberts Guarantors] shall also be liable for all interest, fees, indemnities . . . and other costs and expenses relating to or arising out of the Indebtedness guaranty hereunder by [Steven Roberts Guarantor]. . . .

4

The "Indebtedness" is defined as "any and all debts, liabilities, and obligations of Borrower[s] to [Bank of America], now or hereafter existing…." (*See* Steven Roberts Guaranty ¶ 1, at 1 and 2(c));

22.  Through the Michael Roberts Guaranty, the Michael Roberts Guarantors agreed to unconditionally guarantee and promised to pay promptly to Bank of America "any and all Indebtedness of [Borrowers] to Bank when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."  The Michael Roberts Guaranty further provides:

> The combined liability of each [Michael Roberts Guarantor] party hereto for the principal amount of the indebtedness shall not exceed at any one time fifty percent (50%) of the principal amount of the Indebtedness. [Michael Roberts Guarantors] shall also be liable for all interest, fees, indemnities . . . and other costs and expenses relating to or arising out of the Indebtedness guaranteed hereunder by [Michael Roberts Guarantors]. . . .

The "Indebtedness" is defined as "any and all debts, liabilities, and obligations of Borrower[s] to [Bank of America], now or hereafter existing…." (*See* Michael Roberts Guaranty ¶ 1, at 1 and 2(c)).

23.  Defendants also agreed through the Guaranties that "the liability of Guarantor[s] is continuing and relates to any Indebtedness, including that arising under successive transactions which shall either continue the Indebtedness or from

5

time to time renew it after it has been satisfied." (*See id.*).

24. Defendants further agreed to pay reasonable attorneys' fees as well as all other costs and expenses incurred by Bank of America to enforce the Guaranties. (*See* Steven Roberts Guaranty ¶ 22, at 6; Michael Roberts Guaranty ¶ 22, at 6).

25. The Term Loan Agreement was amended by a First Amendment to Loan Agreement dated as of August 5, 2011, executed by Borrowers and Defendants (the "Amendment to Loan Agreement") (collectively with the Note, Loan Agreement Guaranties, Amendment to Mortgage, and all other documents evidencing the Loan, the "Loan Documents").

26. A true and correct copy of the Amendment to Loan Agreement is attached hereto as Exhibit E.

27. Subsequently, Borrowers defaulted on the Loan, causing several events of default ("Events of Default") to occur under the Loan Agreement.

28. In a letter dated February 27, 2012 (the "First Default Notice"), Bank of America, through its counsel, advised Borrowers of the Events of Default and demanded that those Events of Default be cured.

29. The First Default Notice also provided notice to Defendants of the Events of Default.

6

30. Bank of America, through its counsel, informed Borrowers in a letter dated March 6, 2012 (the "Second Default Notice"), that the Events of Default had not been cured and accelerated the Loan, demanding the immediate payment of the outstanding principal balance, plus late charges, interest at the past due rate, extension fees, and all other indebtedness arising under or related to the Note and Loan Agreement (the "Outstanding Indebtedness").

31. Through the Second Default Notice, Bank of America made a demand upon Defendants for payment of all amounts due under the Guaranties.

32. As of March 30, 2012, the Outstanding Indebtedness included principal in the amount of $34,278,966.21, late charges of $2,214.12, accrued interest of $376,049.69 and protective advances in the amount of $11,500.00, exclusive of other contractual fees, costs and expenses, attorneys' fees, and court costs.

33. Neither Borrowers nor Defendants paid the Outstanding Indebtedness as demanded in the Second Default Notice.

## COUNT I: BREACH OF CONTRACT

34. Bank of America incorporates the allegations in Paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35. Through the Steven Roberts Guaranty, the Steven Roberts Guarantors agreed to unconditionally guarantee the full and prompt payment of "fifty percent (50%) of the principal amount of the Indebtedness. . . ." The Steven Roberts Guaranty also provided the Steven Roberts Guarantors "shall also be liable for all interest, fees, indemnities . . . and other costs and expenses relating to or arising out of the Indebtedness guaranteed hereunder by [the Steven Roberts Guarantors]. . . ."

36. Through the Michael Roberts Guaranty, the Michaels Roberts Guarantors agreed to unconditionally guarantee the full and prompt payment of "fifty percent (50%) of the principal amount of the Indebtedness. . . ." The Michael Roberts Guaranty also provided the Michael Roberts Guarantors "shall also be liable for all interest, fees, indemnities . . . and other costs and expenses relating to or arising out of the Indebtedness guaranty hereunder by [the Michael Roberts Guarantors]. . . ."

37. Bank of America provided Defendants with notice of the Events of Default and demanded the full and immediate payment of their shares of the Outstanding Indebtedness through the First Default Notice and Second Default Notice.

38. Despite having notice of the Events of Default, Defendants have

8

failed to pay Bank of America their shares of the Outstanding Indebtedness overdue and owing under the Guaranties and other Loan Documents.

39. Defendants' failure to pay the Outstanding Indebtedness constituted a breach of the Guaranties.

40. As a proximate cause of Defendants' breach of the Guaranties, Bank of America has suffered damages.

41. Bank of America is entitled to judgment in its favor, and against the Steven Roberts Guarantors under the Steven Roberts Guaranty, for fifty percent (50%) of the principal indebtedness due and owing under the Loan Agreement and other Loan Documents, and also the full amount of all unpaid accrued interest, late charges, and other amounts due and owing under the Loan Documents, through the full and final payment of the judgment, and against the Michael Roberts Guarantors under the Michael Roberts Guaranty for fifty percent (50%) of the principal indebtedness due and owing under the Loan Agreement and other Loan Documents, and also the full amount of all unpaid principal, accrued interest, late charges, and other amounts due and owing under the Loan Documents, through the full and final payment of the judgment.

## COUNT II:  ATTORNEYS' FEES

42. Bank of America incorporates the allegations in Paragraphs 1 through

44 of the Complaint as if set forth fully herein.

43. Defendants agreed through the Guaranties to pay Bank of America all reasonable attorneys' fees as well as all other costs and expenses incurred to enforce the Guaranties. (*See* Steven Roberts Guaranty ¶ 22, at 6; Michael Roberts Guaranty ¶ 22, at 6).

44. As a result of Defendants' default under the Guaranties, Bank of America has retained counsel to pursue the indebtedness due and owing under the Guaranties and other Loan Documents.

45. Bank of America is entitled to judgment in its favor, and against Defendants, for reasonable attorneys' fees pursuant to the Guaranties.

**WHEREFORE**, Bank respectfully requests an order and judgment of this Court as follows:

(a) Awarding Bank compensatory damages for Defendants' breach of the Guaranties, against the Steven Roberts Guarantors in the amount of fifty percent (50%) of all unpaid principal, and also the full amount of all accrued interest, late charges, and other amounts set forth in the Loan Documents, through the full and final payment of the judgment and against the Michael Roberts Guarantors in the amount of fifty percent (50%) of all unpaid principal, and the full amount of all accrued interest, late charges,

and other amounts set forth in the Loan Documents, through the full and final payment of the judgment;

    (b)    Awarding Bank its reasonable attorneys' fees pursuant to the Guaranties;

    (c)    Awarding Bank its costs and expenses incurred in this action; and

    (d)    Awarding Bank such other and further relief as this Court deems just and proper.

Respectfully submitted this 3rd day of April, 2012.


                          THOMPSON COBURN LLP


             By: */s/   David A. Warfield*
                  David A. Warfield (34288MO)
                  One US Bank Plaza
                  St. Louis, MO 63101
                  Telephone:  314.552.6000
                  Facsimile: 314.552.7000

c.

                  OF COUNSEL

                  John C. Weitnauer (pro hac vice pending)
                  Georgia Bar No. 746550
                  Christopher A. Riley (pro hac vice pending)
                  Georgia Bar No. 605634
                  Matthew Montaigne (pro hac vice pending)
                  Georgia Bar No. 915455
                  ALSTON & BIRD LLP
                  1201 West Peachtree Street
                  Atlanta, Georgia 30309
                  Telephone: (404) 881-7000
                  Facsimile: (404) 881-7777

                  *Attorneys for Plaintiff*
                  *Bank of America, N.A.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN C. ROBERTS, individually and as Trustee of the STEVEN C. ROBERTS REVOCABLE TRUST, and MICHAEL V. ROBERTS, individually and as Trustee of the MICHAEL V. ROBERTS REVOCABLE TRUST, <br><br> Defendants. | CIVIL ACTION <br><br> NO.: _____ |

## EXHIBIT SUMMARY

| Exhibit | Description |
|---|---|
| A | Promissory Note dated June 6, 2007 |
| B | Term Loan Agreement dated as of June 6, 2007 |
| C | Continuing and Unconditional Guaranty dated as of June 6, 2007 (Steven C. Roberts and Steven C. Roberts Revocable Trust) |
| D | Continuing and Unconditional Guaranty dated as of June 6, 2007 (Michael V. Roberts and Michael V. Roberts Revocable Trust) |
| E | First Amendment to Loan Agreement dated as of August 5, 2011 |